**MORITT HOCK HAMROFF & HOROWITZ LLP**
400 Garden City Plaza
Garden City, NY 11530
(516) 873-2000
Leslie A. Berkoff, Esq.
lberkoff@moritthock.com
Lia M. Pistilli, Esq.
lpisitilli@moritthock.com

**Conflicts Counsel for Debtor and Debtor-In-Possession**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>20 Bayard Views, LLC,<br><br>        Debtor. | Case No.: 09-50723 (ESS)<br><br>Chapter 11 |
| 20 Bayard Views, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>W Financial Fund, LP and BRT Realty Trust,<br><br>        Defendants. | Adversary No.: |

## COMPLAINT

20 Bayard Views, LLC (the "**Plaintiff**") the debtor and debtor-in-possession in the above captioned bankruptcy case (the "**Bankruptcy Case**"), by and through its undersigned counsel, as and for complaint (the "**Complaint**") seeking (i) a limited injunction to enjoin W Financial Fund, LP and BRT Realty Trust from the continuation and/or prosecution of the CPLR 3213 (Summary Judgment in Lieu of Complaint) motion before the Honorable Timothy S. Driscoll, New York Supreme Court, Nassau County, captioned *BRT Realty Trust and*

*W Financial Fund, LP vs. Moshe Lax, Estate of Chaim Lax and Yitzchok Hager a/k/a Isaac Hager*, Index No. 10-001473 (the "**Summary Judgment Matter**"); and/or (ii) an extension of the automatic stay to Moshe Lax, Estate of Chaim Lax and Yitzchok Hager a/k/a Isaac Hager (collectively, the "**Guarantors**") thereby effectively staying the continuation and/or prosecution of the Summary Judgment Matter, and alleges as follows:

## SUMMARY OF ACTION

By this action the Plaintiff seeks an order (a) imposing a limited injunction to enjoin W Financial Fund, LP and BRT Realty Trust from the continuation and/or prosecution of Summary Judgment Matter; and/or (b) an extending the automatic stay to the Guarantors thereby effectively staying the continuation and/or prosecution of the Summary Judgment Matter.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. This adversary proceeding is commenced pursuant to sections 105(a) and 362 of the Bankruptcy Code, Rule 7001, et seq. of the Federal Rules of Bankruptcy Procedure and Rule 65 of the Federal Rules of Civil Procedure.

3. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES

4. Plaintiff was formed in 2005 for the purpose of acquiring and developing certain real property located at 20 Bayard Street, Brooklyn, New York (the "**Real Property**"). The Plaintiff filed voluntary petitions for relief and is a debtor-in-possession under chapter 11 of

2

the Bankruptcy Code on December 4, 2009 (the "**Filing Date**") in the Eastern District of New York (the "**Bankruptcy Court**").

5.  W Financial Fund, LP ("**Defendant WFF**"), and by BRT Realty Trust ("**Defendant BRT**" and together with Defendant WFF "**Defendants**") are each fifty percent (50%) holders of the WFF Note (as defined below). The Defendants are plaintiffs on the Summary Judgment Matter.

6.  The WFF Loan (as defined below) is further secured by the Real Property and that certain partial guaranty[1] (the "**Guaranty**") of the Plaintiff's equity holders: Moshe Lax; Estate of Chaim Lax; and Yitzchok Hager a/k/a Isaac Hager (collectively, the "**Guarantors**"). The Guarantors are the defendants in the Summary Judgment Matter.

## RELEVANT BACKGROUND

7.  This Court entered an Order Approving the Plaintiff Debtor's Third Amended Disclosure Statement (the "**Disclosure Statement**") on May 20, 2010 in the Bankruptcy Case, and votes on the Plan are currently being solicited by the Plaintiff. Confirmation is scheduled for June 29, 2010.

8.  In 2007, the construction of a luxurious 62-unit residential complex was completed on the Real Property (the "**Bayard Condominium Complex**"). The development of the Bayard Condominium Complex was financed by Fremont General, which was later acquired by iStar Loans, LLC ("**iStar**").

9.  In October of 2008, WFF replaced iStar by virtue of the Agreement of Consolidation, Extension and Modification of Mortgage dated October 14, 2008 (the "**WFF Mortgage**") which consolidated: (i) the mortgage and note in favor of WFF dated October 14,

---

[1] It is a "partial" guaranty because it is limited by its terms to 50% of the principal amount due of $17,400,000.

3

2008 in the amount of $100,000.00; and (ii) the remaining balance on a pre-existing mortgage and note in favor of iStar for $17,300,000.00.

10. In connection with the WFF Mortgage, the Plaintiff executed in favor of WFF the Consolidated, Amended and Restated Note dated October 14, 2008 in the principal amount of $17,400,000.00 (the "**WFF Note**", together with the WFF Mortgage, the "**WFF Loan**").

11. Concurrent with the execution of the WFF Mortgage on October 14, 2008, the Plaintiff entered into an assignment of leases and rents, which expressly "made for the purpose of securing" the WFF Loan.

12. On or about October 13, 2009, the Plaintiff and WFF executed a loan extension agreement which extended the maturity date of the WFF Loan to January 13, 2010 (the "**Extension Agreement**").

13. As of the Filing Date, WFF's principal amount outstanding was $16,975,072.00 and WFF had not declared any defaults under the WFF Loan nor taken any steps to control the Plaintiff's rental stream.

14. Pursuant to the Plan the Defendants are to be paid in full, with interest calculated at the National Prime Rate, plus a risk adjustment over a period of seven (7) years.

15. If the Plan is confirmed, the Court will have adjudicated that the Defendants' secured claim as being paid in full.

16. The Plan includes an injunction, prohibiting commencement of continuation of prosecution of the Summary Judgment Matter by the Defendants herein, including any effort at collection activities against the Guarantors, but reinstates such obligations as against the modified debt to WFF.

17. On January 22, 2010, the Defendants moved for summary judgment in lieu of complaint and requested that the State Court enter an Order directing judgment in their favor against the Guarantors on the ground that the action was based upon an instrument for the payment of money only.

18. On May 4, 2010, Judge Driscoll entered his written decision granting summary judgment in favor of the Defendants for $8.7 million. However, no order granting summary judgment has been docketed at this time, for the reasons set forth below.

## COUNT I

## CLAIM BY PLAINTIFF FOR INJUNCTIVE RELIEF

19. Plaintiff re-alleges and re-asserts each and every allegation set forth in paragraphs 1 though 18 hereof as if fully set forth herein.

20. The Guarantors have agreed to provide substantial funding in support of the Plaintiff's Plan. Such funding has been built into the Plan by virtue of Articles VI(E)(I) and III of the Plan, which provide for a capital call/contribution demand to be made to fund confirmation of the Plan.

21. On or prior to Confirmation of the Plan, these funds must be posted and/or sufficient evidence needs to be shown by the Guarantors or equity security holders so that feasibility can be established and the funds paid on the effective date of the Plan.

22. Upon information and belief, the Guarantors do not have sufficient funds to both post the moneys necessary to fund the Plan, while also satisfying the Defendants collection of a totally unnecessary $8.7 million judgment.

23. If the Defendants are permitted to docket a judgment against the Guarantors in the short (40 day) time period between the date of this Complaint and confirmation

of the Plan, and to undertake collection activities on this $8.7 million judgment, the funds that the Guarantors have committed to the Plan (which not only benefits Defendants but all creditors) would be jeopardized, and the equitable treatment of all creditors proposed under the Plan irreparably harmed.

24. There is a high likelihood of success on the merits that the Plan will be confirmed as proposed on June 29, 2010.

25. The Plaintiff believes that a balancing of the equities and public policy demands that the status quo be maintained until the date of confirmation, an extremely short period of time.

26. In the unlikely event that the Plan is not confirmed, the Defendants will have all their rights and remedies against the Guarantors restored after this short hiatus. If the Plan is confirmed, however, the Summary Judgment Matter will be of no moment as the Defendants will be paid in full in accordance with the terms of the Plan.

## COUNT II

### CLAIM BY PLAINTIFF FOR EXTENSION OF AUTOMATIC STAY

27. Plaintiff re-alleges and re-asserts each and every allegation set forth in paragraphs 1 though 26 hereof as if fully set forth herein.

28. The Guarantors have agreed to provide substantial funding in support of the Plaintiff's Plan. Such funding has been built into the Plan by virtue of Articles VI(E)(I) and III of the Plan, which provide for a capital call/contribution demand to be made to fund confirmation of the Plan.

29. On or prior to Confirmation of the Plan, these funds must be posted and/or sufficient evidence needs to be shown by the Guarantors or equity security holders so that feasibility can be established and the funds paid on the effective date of the Plan.

30. Upon information and belief, the Guarantors do not have sufficient funds to both post the moneys necessary to fund the Plan, while also satisfying the Defendants collection of a totally unnecessary $8.7 million judgment.

31. If the Defendants are permitted to docket a judgment against the Guarantors in the short (40 day) time period between the date of this Complaint and confirmation of the Plan, and to undertake collection activities on this $8.7 million judgment, the funds that the Guarantors have committed to the Plan (which not only benefits Defendants but all creditors) would be jeopardized, and the equitable treatment of all creditors proposed under the Plan irreparably harmed.

32. Section 105(a) provides the statutory authority for an injunction staying the Summary Judgment Matter against the Guarantors, to enjoin actions against non-debtor parties in order to protect the Debtor's estate

33. There is a high likelihood of success on the merits that the Plan will be confirmed as proposed on June 29, 2010.

34. The Plaintiff believes that a balancing of the equities and public policy demands that the status quo be maintained until the date of confirmation, an extremely short period of time.

35. In the unlikely event that the Plan is not confirmed, the Defendants will have all their rights and remedies against the Guarantors restored after this short hiatus. If the

Plan is confirmed, however, the Summary Judgment Matter will be of no moment as the Defendants will be paid in full in accordance with the terms of the Plan.

**WHEREFORE,** Plaintiff prays for a judgment granting the relief set forth below:

(A) a limited injunction to enjoin W Financial Fund, LP and BRT Realty Trust from the continuation and/or prosecution of the CPLR 3213 (Summary Judgment in Lieu of Complaint) motion before the Honorable Timothy S. Driscoll, New York Supreme Court, Nassau County, captioned *BRT Realty Trust and W Financial Fund, LP vs. Moshe Lax, Estate of Chaim Lax and Yitzchok Hager a/k/a Isaac Hager*, Index No. 10-001473; and/or

(B) an extension of the automatic stay to Moshe Lax, Estate of Chaim Lax and Yitzchok Hager a/k/a Isaac Hager thereby effectively staying the continuation and/or prosecution of the CPLR 3213 (Summary Judgment in Lieu of Complaint) motion before the Honorable Timothy S. Driscoll, New York Supreme Court, Nassau County, captioned *BRT Realty Trust and W Financial Fund, LP vs. Moshe Lax, Estate of Chaim Lax and Yitzchok Hager a/k/a Isaac Hager*, Index No. 10-001473; and

(C) for such other and further relief as this Court deems just and proper.

Dated: May 24, 2010  **MORITT HOCK HAMROFF &**
      Garden City, New York  **HOROWITZ LLP**

By: /s/ Leslie A. Berkoff
    Leslie A. Berkoff
    Lia M. Pistilli
    400 Garden City Plaza
    Garden City, NY 11530
    (516) 873-2000
    Conflicts Counsel for the Debtor and Debtor-in-Possession

F:\20 Bayard Views\Docs\WFF Injunction\Complaint v2.doc